## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CIVIL ACTION NO. 1:99-cv-00104-TBR

**WILLIAM B. WALKER**                                                                 **PETITIONER**

**v.**

**KEVIN MAZZA**                                                                       **RESPONDENT**

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Petitioner William B. Walker's *pro se* Motion for Relief under Federal Rule of Civil Procedure 60(b). [DN 29]. For the reasons stated herein, the motion is **DENIED**.

Walker filed a motion "[f]or relief from this Court's July 2, 1999, Order dismissing this 28 U.S.C. [§] 2254 habeas corpus action for failure to exhaust state-court remedies and denying a certificate of appealability (DN 3)." [DN 29]. He brings his motion under Rule 60(b)(5), (6), and (c)(1) of the Federal Rules of Civil Procedure. As grounds for relief, Walker asserts the following arguments: 1) "Petitioner's Federal Constitutional right to due process of law was violated by the state trial court, which convicted him in the absence of jurisdiction rendering the judgment of conviction void;" 2) "It is no longer equitable that this Court's July 2, 1999, Dismissal Order should have continuing prospective application under Rule 60(b)(5) requiring exhaustion of state remedies because the futility exception to the exhaustion requirement is applicable in this case;" 3) "there are exceptional or extraordinary circumstances present in this case warranting equitable relief necessary to correct the fundamental defect of an erroneous decision which has resulted in a complete miscarriage of justice in which the principles of equity mandate relief under Rule 60(b)(6);" and 4) "Special circumstances are present in the case warranting an equitable exception to the reasonable time requirement of rule 60(c)(1)." [DN 29]. Walker previously filed a similar

Rule 60(b) motion with this Court arguing essentially the same grounds for relief. [DN 17; 18]. The Court denied the motion, and for the same reasons, denies the present claims. [DN 19].

In relevant part, "the court may relieve a party . . . from a final judgment, order, or proceeding . . . [if]: (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6). Motions to reconsider under Rule 60(b) provide an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F.Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions fall within the sound discretion of the district court. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)). "Rule 60(b)(6) applies only in exceptional and extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b)." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). "Moreover, the exceptional circumstances under Rule 60(b)(6) require 'unusual and extreme situations where principles of equity *mandate* relief.'" *Id.* (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d at 365). Additionally, "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Walker filed the instant Rule 60(b)(5), and (6) motion more than twenty years after this Court denied his habeas petition, dismissed this action, and denied a certificate of appealability.

The Court again concludes that he did not file the motion "within a reasonable time" after entry of that challenged Order. Walker's mere assertion of "special circumstances" allowing for an "exception to the reasonable time requirement of Rule 60(c)(1)" is unpersuasive because his justification is solely based on his previously dismissed arguments. [DN 29]. Therefore, his motion is untimely. Even if the Rule 60(b) motion was timely, it again lacks merit, and Walker fails to show any exceptional or extraordinary circumstances warranting relief. "Rule 60(b) does not afford defeated litigants a second chance to convince the court to rule in his or her favor by presenting new explanation, new legal theories, or proof." *Burnley v. Bosch Ams. Corp.*, 75 F. App'x 329, 333 (6th Cir. 2003). Additionally, the Court has previously denied these claims and Walker has failed to provide any additional information, reason, or justification warranting a change of judgment or relief under Rule 60(b).

For the foregoing reasons,

**IT IS ORDERED** that Walker's motion for relief under Rule 60(b)(5), and (6) and (c)(1) is **DENIED**. [DN 29].

The Court being satisfied that no jurists of reason would find its ruling debatable or wrong, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2),

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

cc: counsel

**William B. Walker**, *pro se*
135945
GREEN RIVER CORRECTIONAL COMPLEX
Dorm 1 Unit 11
1200 River Road
P. O. Box 9300
Central City, KY 42330-9300

**Thomas B. Russell, Senior Judge**
**United States District Court**

December 6, 2021

3